IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Palmer, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:24-cv-4078-BHH |
| v. ) | |
| ) | **ORDER** |
| U.S. Water Services Corporation, ) | |
| Phil Reeves, Dean Colkit, Zachary ) | |
| Cain, Kevin Schew, and James ) | |
| Haines, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff James Palmer's ("Plaintiff" or "Palmer") *pro se* amended complaint alleging that he was wrongfully terminated from his position as a wastewater operator for Defendant U.S. Water Services ("U.S. Water"). (ECF No. 45.) On April 3, 2025, Defendants U.S. Water, Phil Reeves ("Reeves"), Dean Colkit ("Colkit"), Zachary Cain ("Cain"), Kevin Schew ("Schew"), and James Haines ("Haines") (collectively, "Defendants") filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 59.) Plaintiff filed a response in opposition to the motion, and Defendants filed a reply. (ECF Nos. 62, 63.)

On October 8, 2025, in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2), D.S.C., United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant in part and deny in part Defendants' motion to dismiss. (ECF No. 59.) Defendants filed objections to the Magistrate Judge's Report, and Plaintiff filed a response to Plaintiff's objections. (ECF Nos. 71, 76.) For the reasons set forth below, the Court

overrules Defendants' objections, adopts and specifically incorporates the Magistrate Judge's Report, and grants in part and denies in part Defendants' motion to dismiss.

Also pending before the Court are objections filed by Plaintiff to certain rulings by the Magistrate Judge. Specifically, Plaintiff objects to the Magistrate Judge's order filed on January 22, 2025, denying his motion to change venue and his motion to recuse the Magistrate Judge. (*See* ECF Nos. 29, 30, 33, 42.) Plaintiff also objects to the Magistrate Judge's order filed on January 23, 2025, denying Plaintiff's motion to revoke Defendant James Haines' extensions of time, to strike Defendant Haines' answer and/or motion to dismiss, and for entry of default against Defendant Haines. (*See* ECF Nos. 22, 37, 41.) After an independent review of the Magistrate Judge's orders, the Court finds no error in her analysis, and the Court fully agrees with her rulings. Accordingly, the Court affirms the Magistrate Judge's orders (ECF Nos. 33, 37) and overrules Plaintiff's objections (ECF Nos. 41, 42). (*See also* ECF No. 77.)

### **PLAINTIFF'S ALLEGATIONS**

As the Magistrate Judge noted in her Report, the factual allegations and all inferences therefrom are construed in the light most favorable to Plaintiff for purposes of Defendants' motion to dismiss. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). As the Magistrate Judge also noted, *pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, giving liberal construction to *pro se* pleadings does not mean that a court can ignore a clear failure to allege facts that set forth a cognizable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Additionally, in evaluating Plaintiff's amended complaint in

its entirety, the Court may consider Plaintiff's EEOC Charge ("EEOC charge") because it is a document that is integral to and relied on in the amended complaint.[1] *Kolon Indus., Inc.*, 637 F.3d at 440. (*See also* ECF Nos. 45 at 5; 64 at 2, n. 2.)

I.      **Plaintiff's EEOC Charge**

Plaintiff filed his EEOC charge on September 20, 2023, with the EEOC and the Florida Commission on Human Relations. (ECF No. 1-1 at 8-9.) Plaintiff's EEOC charge states in full:

> I, James A. Palmer (African American), was employed by US Water Service from April 22, 1999, through June 7, 2023, as a Wastewater Operator. I received a call from the guard house that a load of lime was heading down to wastewater. I realized that the area where the lime truck needed to offload had a sludge trailer there and needed to be moved. I grabbed my hard hat and safety gear and headed for the door when Phil Reeves asked if I had time to fill out his lime receiving papers and I sa[id] no, because I had to move the sludge trailer so the lime truck could offload. Mr. Reeves said OK, and I proceeded out the door to move the sludge trailer. A few hours later after I returned from dumping the press, Mr. Reeves told me that Dean Colkitt, Chief Operator, wanted to see me upstairs. When I got upstairs Mr. Colkitt asked me about my vacation time and then said that several people heard me tell Mr. Reeves No, including him and Zach Cain, Department Manager, when Mr. Reeves asked me to fill out his lime papers. Mr. Colkitt said that when Mr. Reeves tells me something I do it. I adamantly restated that I couldn't fill out Mr. Reeves['] paperwork because I had another assignment to take care of. The conversation immediately became hostile, and Mr. Colkitt told me to go to the conference room where he proceeded to accuse me of sleeping on the job and having pictures of me sleeping and not doing my tasks. [I] became upset at these false allegations and immediately requested a meeting with HR. This was not the first incident that I encountered with Mr. Colkitt. The first incident which I kept quiet about and the second I tried to reach out to HR for help. There was an issue around the latter part of last year on day shift where Mr. Colkitt walked up to me in the control room and told me to close my eyes and hold out my right hand. When I did Mr. Colkitt placed two bullets inside my hand. A .40 cal and a 9mm. Mr. Colkitt wanted to see if I could distinguish which was which. What

---

[1] As the Magistrate Judge noted, the Court may consider the EEOC charge even though Plaintiff attached it to his original complaint and not the amended complaint.

> made it even more disconcerting is that he is the only one driving his personal vehicle in the gate every day. I believe the company has a zero (0) tolerance policy regarding weapons and/or ammunition in the workplace. I don't know Mr. Colkitt personally and we have never hung out together, so the incident really caught me off guard or if there was a message, he was trying to tell me by showing me the bullets. When Steve O'Toole retired, I went to Mr. Colkitt on two occasions involving Mr. Reeves. The issue then was when Mr. Reeves was my relief and would arrive early, he had an issue with me leaving. Mr. Reeves would change the end flow on the Press to make it pop off quicker and then wanted me to dump it when it was time to change clothes. Mr. Reeves also would not assist me when it [wa]s time to do a task. For instance, if Mr. Colkitt assigned us to clean the cooling tower filters, Mr. Reeves would sit by the door while I spen[t] two hours yanking and pulling on the filters as they are very hard to remove from the housing. Also, whenever we had issues with the PO4s, I had to run all the samples because Mr. Reeves would say he didn't know how to run the samples. Mr. Reeves told me several times he did not want to be Lead Operator and that he was forced to take it. Mr. Reeves was always asking me to do his task, therefore, I found it odd that I was called upstairs when I'm unable to help Mr. Reeves with his job tasks. During a job the press clots on the press had to be changed, Mr. Reeves placed a note in Wims that every shift was to change two (2) clots per shift until all the cloths were changed. Mr. Reeves approached me and told me Mr. Mr. Colkitt wanted us to change the last 16 cloths which I felt was very unfair, but the task was completed. I found that when I operated the press, Mr. Reeves and other operators were changing the end flow to make the press pop off every hour, but when it was their time to run the press, they either shut it down or ran a few batches and shut it down. In addition, whenever Mr. Colkitt scheduled a big job task, it always seems to fall on my shift. It seemed like Mr. Colkitt had it out for me, I'm sure my race was the major factor in Mr. Colkitt subjecting me to the discriminatory treatment while I was employed by US Water Services and terminated in retaliation for complaining about racial discrimination in the workplace. I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

(ECF No. 1-1 at 8-9.)

In his amended complaint, Plaintiff alleges that he began working as a Wastewater Operator on April 22, 2019, until his wrongful termination on June 13, 2023, via letter dated

June 7, 2023.[2] He then asserts that he was subjected to pervasive discrimination, including the following allegations: that he was regularly referred to as "black monkey," "boy," and "big black slave," among other derogatory terms by Defendant Colkit and others; that Defendant Colkit placed bullets in his hand under the pretense of a joke; that he was deliberately assigned more physically demanding tasks than other white coworkers of a similar rank; that he was "deliberately excluded from workplace communications and shift turn over / transition meetings" despite doing his job effectively; and that he experienced ongoing intimidation and isolation after speaking out against discrimination. (ECF No. 45 at 2-3.) Plaintiff further alleges that he was targeted with retaliatory actions after complaining to human resources, including the following: increased scrutiny and false accusations like sleeping on the job; reprimands for PTO usage despite submitting a request and emailing in advance; unjustified disciplinary actions designed to create a false record of performance issues; and termination under pretextual reasons. (*Id.* at 3.)

Also according to Plaintiff, the individual Defendants conspired to create false allegations in an effort to justify his termination. (*Id.* at 4.) Specifically, Plaintiff alleges that the individual Defendants colluded to falsely accuse him of job performance issues and manipulated records and selectively applied workplace policies to create a pretext for disciplinary action. (*Id.*) Plaintiff asserts that the individual Defendants coordinated their efforts to ensure that he was excluded from workplace communications, and he claims that Defendant Haines knowingly ignored his complaints. (*Id.*) Plaintiff further asserts that

---

[2] As the Magistrate Judge noted, Plaintiff asserts in his EEOC charge that he began working for U.S. Water on April 22, 1999, whereas he asserts in his amended complaint that he began working for U.S. Water on April 22, 2019. (*Compare* ECF No. 45 at 2 *with* ECF No. 1-1 at 8.)

5

Defendant Schew played a role in approving and reinforcing these retaliatory actions, ensuring that Plaintiff was terminated under false pretenses. (*Id.*)

Plaintiff alleges that he submitted a formal complaint via email on April 4, 2023, to Defendants Haines and Schew after previously raising his concerns over the phone, and Plaintiff asserts that he reiterated his concerns about discriminatory treatment and hostility in his complaint. (*Id.* at 5.) Plaintiff then claims that Defendants failed to conduct a legitimate, full investigation and informed him on May 25, 2023, that his allegations were "unfounded." (*Id.*)

In his amended complaint, Plaintiff alleges the following eight claims against Defendants:

(1) a claim against Defendants race discrimination based on wrongful termination, disparate treatment, and wage disparity in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981;

(2) a claim against Defendants for hostile work environment in violation of Title VII and § 1981;

(3) a claim against Defendants for retaliation in violation of Title VII and § 1981;

(4) a claim against Defendant Schew for retaliatory discharge in violation of Title VII and § 1981;

(5) a claim against Defendants Reeves, Colkit, Cain, Schew, and Haines (collectively, "the individual Defendants") for civil conspiracy in violation of South Carolina law;

(6) a claim against Defendant Schew for aiding and abetting discrimination;

(7) a claim against Defendants for violations of the South Carolina Human Affairs

Law ("SCHAL"); and

(8) a claim against Defendants for intentional infliction of emotional distress. (*Id.* at 6-9.)

## STANDARDS OF REVIEW

### I. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 678.

### II. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

### I.     **The Magistrate Judge's Findings**

After carefully outlining and comparing the allegations of Plaintiff's EEOC charge and his amended complaint, and after setting forth the applicable law, the Magistrate Judge considered each of Plaintiff's claims in turn, ultimately finding as follows. First, as to Plaintiff's Title VII claims for racial discrimination, hostile work environment, and retaliation, the Magistrate Judge found that the claims are properly brought against Defendant U.S. Water only (as his employer) and not against the individual Defendants. (ECF No. 64 at 7.)

Next, the Magistrate Judge considered Defendants' argument that Plaintiff's allegations in his amended complaint exceed the scope of the allegations in Plaintiff's EEOC charge, such that the new factual allegations in the amended complaint are

procedurally barred based on Plaintiff's failure to exhaust his administrative remedies. After setting forth the applicable law, the Magistrate Judge found that the statements in Plaintiff's EEOC charge, when construed liberally, gave U.S. Water sufficient notice that Plaintiff believed his race was involved in his claim based on disparate treatment and wrongful termination, such that neither of these bases for his racial discrimination claim should be barred based on Plaintiff's alleged failure to exhaust his administrative remedies. (*Id.* at 7-11.) As to Plaintiff's claim for disparate pay, however, the Magistrate Judge agreed with Defendants that Plaintiff failed to administratively exhaust his claim under Title VII because his EEOC charge does not include any mention of salary or disparate pay. Thus, the Magistrate Judge found that this claim is procedurally barred and subject to dismissal. (*Id.* at 11-12.) The Magistrate Judge also found that Plaintiff's Title VII claim for hostile work environment should not be dismissed based on failure to exhaust because the facts alleged in Plaintiff's amended complaint simply expand upon the same conduct that Plaintiff presented in his EEOC charge. Likewise, the Magistrate Judge found that Plaintiff successfully pleaded a retaliation claim under Title VII in his EEOC charge. (*Id.* at 12-13.)

Next, as to Defendants' argument that Plaintiff's amended complaint fails to state a plausible claim under Title VII, the Magistrate Judge outlined the applicable law and found that, accepting the factual allegations in Plaintiff's amended complaint as true and drawing all reasonable inferences in the light most favorable to Plaintiff, he has alleged sufficient facts to state a racial discrimination claim against Defendant U.S. Water based on disparate treatment and wrongful termination under Title VII. (*Id.* at 13-15.) Likewise, the Magistrate Judge found that Plaintiff's allegations sufficiently support hostile work environment and retaliation claims under Title VII. (*Id.* at 15-18.)

As to Defendants' argument that Plaintiff's amended complaint fails to state a plausible claim under § 1981, the Magistrate Judge again set forth the applicable law and found that Plaintiff's amended complaint alleges sufficient facts to state a claim against all Defendants for racial discrimination based on disparate treatment and wrongful termination under § 1981. (*Id.* at 19-23.) The Magistrate Judge also found that Plaintiff's amended complaint sufficiently alleges that Plaintiff was treated differently based on his race with respect to the terms and conditions of his employment – specifically, his pay – to state a claim for discrimination based on wage disparity under § 1981 against Defendant U.S. Water. The Magistrate Judge noted, however, that this claim should be dismissed as against the individual Defendants. (*Id.* at 23-24.) Additionally, the Magistrate Judge found that Plaintiff's amended complaint states plausible claims for hostile work environment and retaliation under § 1981 against all Defendants. (*Id.* at 24-28.)

Next, the Magistrate Judge considered and agreed with Defendants' arguments in support of dismissing all of Plaintiff's state law claims. Specifically, the Magistrate Judge found that Plaintiff's civil conspiracy claim is subject to dismissal because it merely restates the same facts used to support his other causes of action. (*Id.* at 28-30.) Additionally, the Magistrate Judge found that South Carolina does not recognize a separate cause of action for "aiding and abetting" discrimination and retaliatory acts. (*Id.* at 30.) As to Plaintiff's claim for violations of SCHAL, the Magistrate Judge explained that "Plaintiff seemingly conceded that he has not exhausted his claims under SCHAL by filing his charge there, instead asserting that his 'EEOC Charge was *likely* cross-filed with SCHAL.'" (*Id.* at 32 (quoting ECF No. 45 at 8 (emphasis added)).) Thus, the Magistrate Judge recommended dismissal of Plaintiff's state law claims under SCHAL. Lastly, as to Plaintiff's claim for

10

intentional infliction of emotional distress, the Magistrate Judge found that the facts alleged in Plaintiff's amended complaint do not suggest the type of extreme and outrageous conduct to state a plausible claim. (*Id.* at 33-35.) Thus, the Magistrate Judge recommended that the Court dismiss all of Plaintiff's state law claims against Defendants.

In all, therefore, the Magistrate Judge recommended that the Court grant Defendants' motion to dismiss as to Plaintiff's claims against the individual Defendants under Title VII; as to Plaintiff's racial discrimination claim based on wage disparities under Title VII against all Defendants and under § 1981 against the individual Defendants; and as to Plaintiff's state law claims. On the other hand, the Magistrate Judge recommended that the Court deny Defendants' motion to dismiss as to the following claims: (1) Plaintiff's racial discrimination claim based on disparate treatment and wrongful termination (a) under Title VII against Defendant U.S. Water only and (b) under § 1981 against all Defendants; (2) Plaintiff's racial discrimination claim based on wage disparities under § 1981 against Defendant U.S. Water only; (3) Plaintiff's hostile work environment claim (a) under Title VII against Defendant U.S. Water only and (b) under § 1981 against all Defendants; (4) Plaintiff's retaliation claim (a) under Title VII against Defendant U.S. Water only and (b) under § 1981 against all Defendants; and (5) Plaintiff's retaliatory discharge claim against Defendant Schew under § 1981. (*Id.* at 36.)

## II.     Defendants' Objections

As an initial matter, the Court notes that no party has filed objections to the Magistrate Judge's recommendation that the Court grant Defendants' motion to dismiss as to certain of Plaintiff's claims. (ECF Nos. 71, 76.) After review, the Court finds no clear error in the Magistrate Judge's analysis and adopts this portion of the Report without further

11

discusssion. Accordingly, the Court grants Defendants' motion to dismiss as to Plaintiff's claims against the individual Defendants under Title VII; as to Plaintiff's racial discrimination claim based on wage disparities under Title VII against all Defendants and under § 1981 against the individual Defendants; and as to Plaintiff's state law claims.

Defendants do object, however, to the Magistrate Judge's recommendation that the Court deny their motion to dismiss as to Plaintiff's remaining claims. (ECF No. 71.) Specifically, Defendants object to the Magistrate Judge's recommendation that the Court deny dismissal of the Title VII claims and the § 1981 claims against the individual Defendants.

First, Defendants assert that the Magistrate Judge erred in finding both that Plaintiff administratively exhausted his Title VII claims and that he pleaded sufficient facts to state plausible claims. (*Id.* at 2.) According to Defendants, the Magistrate Judge improperly compared the allegations of Plaintiff's EEOC charge with the significantly broader allegations of his amended complaint by "downplay[ing] and mischaracteriz[ing] the extent of the additional allegations in the Amended Complaint and disregard[ing] the intent and purpose of the administrative charge requirements." (*Id.* at 3.) Defendants assert that the new and broader allegations contained in Plaintiff's amended complaint were not set forth in Plaintiff's EEOC charge, and Defendants assert that the Magistrate Judge erred in her analysis of *Chacko v. Patuxent Inst.*, 429 F.3d 505, 510 (4th Cir. 2005). (*Id.* at 4-5.) Defendants state:

> The R&R acknowledges the Amended Complaint adds allegations of racial slurs; widespread deliberate and systematic exclusionary conduct; assignment of more physically demanding tasks than white coworkers of similar rank; multiple complaints to human resources and upper management without corrective action taken; being targeted with retaliatory conduct such

> as reprimands for paid time off usage and unjustified disciplinary actions; and conspiracy among all of the Defendants to create false allegations, to manipulate records, and enforce policies to justify his termination and retaliate against him for raised concerns regarding his treatment in the workplace. However, the R&R errs in finding the allegations made in the Amended Complaint provide context to the limited discreet incidents stated in the Charge. They do not. They are new and unrelated to the very limited and vague Charge.

(*Id.* at 5-6.) In other words, according to Defendants, "[m]erely mentioning race could be a factor in Plaintiff's perceived treatment, as described in the Charge, is not reasonable notice that Plaintiff was subjected to racial slurs, systemic exclusionary treatment, and the other widespread misconduct involving additional actors and time periods later included in the Amended Complaint." (*Id.* at 6.) Additionally, in light of these arguments, Defendants assert that the Magistrate Judge erred in relying on the additional factual allegations contained in Plaintiff's amended complaint to find that Plaintiff has stated a plausible claim under Title VII. (*Id.* at 7.)

After *de novo* review, the Court is unpersuaded by Defendants' objections. While the Court appreciates Defendants' arguments and acknowledges that this case presentsa close call, the Court ultimately finds that the Magistrate Judge properly construed Plaintiff's EEOC charge liberally and determined that, "[t]hough conclusory, the statements in Plaintiff's Charge are enough to give Defendant US Water notice that Plaintiff believed his race was involved in his claim based on disparate treatment and wrongful termination." (ECF No. 64 at 10.) *See also Chacko*, 429 F.3d at 509 (explaining that because "lawyers do not typically complete the [EEOC] administrative charges, . . . courts construe them liberally"). Likewise, the Court finds that the Magistrate Judge properly concluded that Plaintiffs' hostile work environment and retaliation claims should not be dismissed based

on a failure to exhaust.  As the Magistrate Judge explained, "Plaintiff includes some of the same details in the Amended Complaint as were introduced in his Charge," and "Plaintiff's Charge describes the same time frame, actors, and conduct that are now included in the Amended Complaint."  (ECF No. 64 at 10, 12.)  Additionally, Plaintiff clearly alleged in his EEOC charge that race was the major factor in the alleged discrimination, harassment, and retaliation.  As such, the Court agrees with the Magistrate Judge that the allegations in Plaintiff's EEOC charge are reasonably related to the additional allegations in Plaintiff's amended complaint, as they would naturally have arisen during a the course of a reasonable investigation of the allegations in Plaintiff's EEOC charge.  Accordingly, the Court finds that Plaintiff's Title VII claims for racial discrimination based on disparate treatment and wrongful termination, hostile work environment, and retaliation should not be barred based on the failure to exhaust administrative remedies.

Likewise, the Court finds that, when accepting the factual allegations in Plaintiff's amended complaint as true and drawing all reasonable inferences in Plaintiff's favor (also keeping in mind the liberal construction granted to *pro se* pleadings), that Plaintiff has alleged sufficient facts to state plausible racial discrimination claims against Defendant U.S. Water based on disparate treatment, hostile work environment, and retaliation. Accordingly, the Court finds no error in the Magistrate Judge's analysis in this regard.  (*See* ECF No. 64 at 13-18.)

Defendants' next objection is that the Magistrate Judge failed to properly analyze Plaintiff's § 1981 claims against each individual Defendant.  (ECF No. 71 at 7-8.) According to Defendants, "[w]ith little exception, the allegations collectively allege overly broad and vague conduct, referring to either none or all of the Individual Defendants

14

together, without any distinction, specificity, or factual support." (*Id.*)

Here again, after *de novo* review, the Court is not persuaded by Defendants' objection. Instead, the Court ultimately finds that the Magistrate Judge properly analyzed Plaintiff's claims under § 1981, noting that at this early stage in the litigation Plaintiff need not provide evidence in support of his claims or otherwise allege a prima facie case of discrimination. Instead, Plaintiff must allege facts sufficient to satisfy the elements of a cause of action, and, after viewing Plaintiff's amended complaint in its entirety and when liberally construing Plaintiff's allegations and accepting them as true, the Court finds that Plaintiff has done so here. As the Magistrate Judge noted, "Plaintiff has specifically alleged personal involvement by each Individual Defendant including acts of ongoing intimidation, isolation, and systematic exclusion from key workplace communications, shift meetings, and team coordination – preventing him from effectively performing his job and, thus, enjoying the benefits, privileges, terms, and conditions of his role." (ECF No. 64 at 22; *see also id.* at 25 ("Plaintiff has sufficiently alleged that acts taken by the Individual Defendants contributed to this environment."); *id.* at 27 ("Plaintiff asserts that the Individual Defendants played a role in this retaliation through their collective efforts to create false allegations against him, based specifically on his complaints of racial discrimination.").) Thus, the Court ultimately agrees with the Magistrate Judge and finds that Plaintiff has sufficiently pleaded plausible § 1981 claims against all Defendants for disparate treatment and wrongful termination, for wage disparity, for hostile work environment, and for retaliation. As the Magistrate Judge noted, it may well be that Plaintiff cannot prove that his race was a but-for cause of the alleged discriminatory acts, but "at this stage of the litigation, the undersigned finds Plaintiff's factual allegations sufficient to plead that but for race, he would

not have suffered these adverse actions, ultimately leading to the termination of his contract." (*Id.*)

## CONCLUSION

For the foregoing reasons, the Court agrees with the Magistrate Judge's careful and thorough analysis of Plaintiff's claims. Accordingly, the Court **adopts** and **specifically incorporates** the Magistrate Judge's Report (ECF No. 64); the Court **overrules** Defendants' objections (ECF No. 21); and the Court **grants in part and denies in part** Defendants' motion to dismiss (ECF No. 14). Specifically, the Court grants Defendants' motion to dismiss as to: Plaintiff's claims against the individual Defendants under Title VII; Plaintiff's racial discrimination claim based on wage disparities under Title VII against all Defendants and under § 1981 against the individual Defendants; and Plaintiff's state law claims. The Court denies Defendants' motion to dismiss as to: (1) Plaintiff's racial discrimination claim based on disparate treatment and wrongful termination (a) under Title VII against Defendant U.S. Water only and (b) under § 1981 against all Defendants; (2) Plaintiff's racial discrimination claim based on wage disparities under § 1981 against Defendant U.S. Water only; (3) Plaintiff's hostile work environment claim (a) under Title VII against Defendant U.S. Water only and (b) under § 1981 against all Defendants; (4) Plaintiff's retaliation claim (a) under Title VII against Defendant U.S. Water only and (b) under § 1981 against all Defendants; and (5) Plaintiff's retaliatory discharge claim against Defendant Schew under § 1981. Lastly, the Court overrules Plaintiff's objections to the Magistrate Judge's orders entered on January 22 and 23, 2025. (ECF Nos. 41, 42.)

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 3, 2026
Charleston, South Carolina